**MICHAEL N. FEDER**
Nevada Bar No. 7332
DICKINSON WRIGHT PLLC
3883 Howard Hughes Parkway, Suite 800
Las Vegas, NV 89169
Telephone:   702-550-4440
Facsimile:   844-670-6009
Email:   mfeder@dickinson-wright.com

**MARTIN D. HOLMES** (*Pro Hac Vice*)
Tennessee Bar No. 012122
**PETER F. KLETT** (*Pro Hac Vice*)
Tennessee Bar No. 012688
**AUTUMN N. GENTRY** (*Pro Hac Vice*)
Tennessee Bar No. 020766
DICKINSON WRIGHT PLLC
Fifth Third Center, Suite 800
424 Church Street
Nashville, TN 37219
Telephone:   615-244-6538
Facsimile:   844-670-6009
Email:   mdholmes@dickinsonwright.com
          pklett@dickinsonwright.com
          agentry@dickinsonwright.com

**TREVOR W. HOWELL** (*Pro Hac Vice*)
Tennessee Bar No. 009496
HOWELL LAW, PLLC
P.O. Box 158511
Nashville, TN, 37216
Telephone:  615-406-1417
Email:  trevor@howelllawfirmllc.com

*Attorneys for Plaintiff, Opt-in Plaintiffs and Putative Opt-in Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ALBERTO DELARA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND RESORTS INTERNATIONAL MARKETING, INC.,<br><br>Defendant. | Case No. 2:19-cv-00022-APG-NJK<br><br>STIPULATION AND ORDER FOR A STAY OF PROCEEDINGS UNTIL DECEMBER 7, 2020, FOR THE PARTIES TO PREPARE FOR AND ATTEND MEDIATION |

Plaintiff and Defendant HEREBY STIPULATE AND AGREE, by and through their respective counsel, as to the following:

1



1.      The parties and their counsel have agreed to mediate the case subject to the terms set forth herein and in that regard, have scheduled a mediation on December 7, 2020, with Steve Rottman, a mediator who is nationally recognized in mediating large class and collective actions. Given the high demand for Mr. Rottman's mediation services and his limited availability, and for the reasons discussed below regarding additional supplementation of previously served written discovery, the parties request a stay of proceedings through December 7, 2020, including the August 13, 2020 Rule 30(b)(6) deposition deadline, the September 14, 2020 dispositive motion deadline and the October 14, 2020 Joint Pretrial Order deadline.[1] The parties believe the proposed stay is in the parties' and the Court's interests in costs and efficiency.

2.      On July 8, 2019, Plaintiff filed his Motion for Conditional Certification of the Matter as a Collective Action and Approval of 29 U.S.C. §216(b) Notice. [ECF No. 31]. The matter was fully briefed, and briefing concluded on July 29, 2019. [ECF Nos. 32 & 33].

3.      During the pendency of Plaintiff's Motion for Conditional Certification, the parties continued with their written discovery as it related to Defendant and named Plaintiff Delara, and Opt-in Plaintiffs Chiapponi, Moratelli and Gennari, who had opted-in prior to the filing of Plaintiff's Motion for Conditional Certification.

4.      Defendant deposed Plaintiff and Opt-in Plaintiffs Chiapponi, Moratelli and Gennari on February 11 – 14, 2020.

5.      On February 10, 2020, Plaintiff served Defendant with a Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6), requiring Defendant to designate and produce a person or persons qualified to testify on 21 topics. The deposition was noticed for February 27, 2020, in the Las Vegas, Nevada offices of Plaintiff's counsel. Ten days later, on February 20, 2020, Defendant advised Plaintiff that neither defense counsel nor Defendant's designees were available for deposition on February 27, 2020, and requested that the deposition be rescheduled.

---

[1] The stay would not include the current opt-in process or the filing of additional consents to join the action by Plaintiff's counsel, any supplementation of written discovery requests previously propounded and continued meet and confer thereon. Plaintiff specifically reserves the right to seek relief from the Court in the event the parties reach an impasse on discovery issues related to written discovery requests previously propounded.



6. Defendant also served written objections as to all 21 topics of Plaintiff's Notice. The parties worked diligently together to resolve them, with Defendant reserving the right to object to specific questions in the depositions, including specifically on the basis of attorney/client privilege, and Plaintiff reserving the right to argue that Defendant waived the attorney/client privilege and/or that said information is discoverable. With this understanding, Defendant designated four designees to cover the Rule 30(b)(6) topics: 2 designees who would be deposed in Las Vegas, Nevada, and 2 designees who would be deposed in Orlando, Florida. Based on the parties' schedules, the parties agreed that the Florida depositions would take place on March 19, 2020, and the Las Vegas depositions would take place on March 24, 2020.

7. Due to the COVID-19 pandemic, the Rule 30(b)(6) depositions were temporarily postponed.

8. The country is still affected by the COVID-19 pandemic, and there are recent reports of a rise in the number of COVID-19 cases.

9. Given the number of documents and logistical issues involved, Plaintiff's position is that remote depositions are impracticable, especially given that Defendant and Defendant's counsel and, in some cases, witnesses, as well as Plaintiff's counsel, are located in different states. Based on the foregoing, the parties have agreed to postpone these depositions pursuant to the stipulation to stay proceedings subject to the Court's approval.

10. Since March 2020, the parties have continued to meet and confer in good faith regarding supplementation of written discovery, exchanging numerous letters and engaging in two extensive meet and confer conference calls lasting 2 ½ and 3 hours respectively. As a result, the parties have exchanged numerous supplemental discovery responses and this process is still ongoing.

11. On April 30, 2020, the Court granted Plaintiff's Motion for Conditional Certification. [ECF No. 64]. As part of the relief sought, the Court approved the notice and consent form (ECF No. 79), which were sent to putative opt-in plaintiffs on June 11, 2020. Per



3

1  the Court's April 30, 2020 Order, putative opt-in Plaintiffs have until September 9, 2020, to file consents and join the lawsuit.

12. At this juncture, 186 individuals have filed consents to join this action.[2] Plaintiff anticipates that the number of opt-in plaintiffs will exceed 200 individuals by the time the period to join the lawsuit ends on September 9, 2020.

13. On January 27, 2020, Plaintiff served his Request for Admission, First Set of Interrogatories and Second Requests for Production of Documents to Defendant. As part of the discovery, Plaintiff sought information and documents regarding putative opt-in plaintiffs, including but not limited to their personnel files, time records and pay records. Given that the Court still had Plaintiff's Motion for Conditional Certification under advisement, Defendant objected to producing information and documents as to putative opt-in plaintiffs on a variety of grounds, in part, taking the position that the production of such information or documents was premature before any granting of conditional certification.

14. While the meet and confer process has continued since March 2020, once the opt-in period ends on September 9, 2020, the parties will have further discussions regarding supplementation of written discovery, including, but not limited to opt-in plaintiffs, including production of time and pay records which are relevant to the issues of liability and damages necessary for the forthcoming mediation. Given the large number of opt-in plaintiffs and the volume of documents and information related to these individuals, this will be a time-consuming process requiring significant additional meet and confers between the parties.

15. Based on the foregoing, the parties are of the belief that December 7, 2020, is an appropriate date for mediation.

16. The parties recognize that substantial time and costs will be expended to review the considerable amount of information produced to date and to be produced as discovery progresses. The parties agree that it is in the best interest of all parties to wait until the mediation process is

---

[2] Defendant hereby specifically reserves its continued rights to challenge, by motion after the stay period, opt-in class members' standing and/or the Court's jurisdiction over claims asserted by certain individuals and nothing herein is intended to waive any of those rights.



complete prior to incurring the time and expense of depositions and motion practice, as the mediation could resolve this matter in its entirety, thereby relieving the parties of further costs and expenses and relieving the Court of taxes upon its resources.

17. It would be counterproductive to the parties' settlement efforts to have the parties incur the expense of time-consuming and costly depositions and motion practice because the parties have agreed to stay such proceedings in favor of attempting to achieve a resolution to this matter. Rule 1 of the Federal Rules of Civil Procedure provides that the federal rules of practice should be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." (Emphasis added). If the Court does not grant a stay, the parties will be required to engage in and incur the costs of depositions and motion practice that may not be necessary.

18. In order to conserve the parties' and the Court's resources, to promote judicial economy, and to increase the likelihood of a successful mediation, the parties have agreed, subject to the Court's approval, and subject to the exceptions noted, to stay this matter in order for the parties to complete the agreed upon mediation.

19. In the event that the parties are unable to reach a resolution at the mediation, the parties agree to file a joint status report informing the Court of the same by Friday, December 11, 2020. The parties further agree to file an amended proposed discovery plan and scheduling order by Friday, December 18, 2020.

20. In addition, information obtained during the opt-in process through its completion, as well as supplementation of written discovery, will have a bearing on questions posed in conjunction with various topics during the Rule 30(b)(6) deposition of Defendant's four designees in Florida and Nevada, should the parties not resolve the matter at the mediation and those depositions become necessary.

21. Based on the foregoing, the parties stipulate to a stay of proceedings through December 7, 2020. The stay specifically excludes the continuation of the opt-in process and the filing of consent forms by Plaintiff's counsel. In addition, the stay excludes the parties' ongoing

meet and confers and/or any supplementation of previously served discovery, which will also encompass any further supplementation as it relates to current and future opt-ins plaintiffs. The parties have agreed to continue to meet and confer and produce information necessary to enable the parties to properly evaluate liability and damages and conduct a meaningful mediation in good faith. In addition, Plaintiff specifically reserves the right to seek relief from the Court in the event the parties reach an impasse on discovery issues related to discovery requests previously propounded.

IT IS SO STIPULATED this 7th day of August, 2020.

| DICKINSON WRIGHT PLLC | LEWIS ROCA ROTHGERBER CHRISTIE LLP |
|---|---|
| /s/ Martin D. Holmes | /s/ Kirstin E. Muller |
| MICHAEL N. FEDER | HOWARD E. COLE |
| Nevada Bar No. 7332 | Nevada Bar No. 4950 |
| 3883 Howard Hughes Parkway, Suite 800 | JENNIFER K. HOSTETLER |
| Las Vegas, NV 89169 | Nevada Bar No. 11994 |
| | BRIAN D. BLAKELY |
| MARTIN D. HOLMES | Nevada Bar No. 13074 |
| (*Admitted Pro Hac Vice*) | 3993 Howard Hughes Pkwy, Suite 600 |
| Tennessee Bar No. 012122 | Las Vegas, NV 89169-5996 |
| PETER F. KLETT | |
| (*Admitted Pro Hac Vice*) | KIRSTIN E. MULLER |
| Tennessee Bar No. 012688 | (*Admitted Pro Hac Vice*) |
| AUTUMN L. GENTRY | California Bar No. 186373 |
| (*Admitted Pro Hac Vice*) | ALISON M. HAMER |
| Tennessee Bar No. 020766 | (*Admitted Pro Hac Vice*) |
| Fifth Third Center, Suite 800 | California Bar No. 258281 |
| 424 Church Street | BENJAMIN J. TREGER |
| Nashville, TN 37219 | (*Admitted Pro Hac Vice*) |
| | California Bar No. 285283 |
| TREVOR W. HOWELL | Hirschfeld Kramer LLP |
| (*Admitted Pro Hac Vice*) | 233 Wilshire Boulevard, Suite 600 |
| HOWELL LAW, PLLC | Santa Monica, California 90401 |
| Tennessee Bar No. 009496 | |
| P.O. Box 158511 | *Attorneys for Defendant* |
| Nashville, TN 37215 | |

*Attorneys for Plaintiff,*
*Opt-in Plaintiffs and*
*and Putative Collective Class Members*



**ORDER**

Based on the parties' stipulations, and for good cause shown, it is hereby ORDERED that the proceedings in this matter are stayed until December 7, 2020. In the event that the parties are unable to reach a resolution at the mediation, the parties agree to file a joint status report informing the Court of the same by Friday, December 11, 2020. The parties further agree to file an amended proposed discovery plan and scheduling order by Friday, December 18, 2020. The stay, however, specifically excludes the continuation of the opt-in process and the filing of consent forms by Plaintiff's counsel. In addition, the stay excludes the parties' ongoing meet and confers and/or supplementation of previously served discovery. Finally, the stay excludes the parties' right to seek relief from the Court in the event the parties reach an impasse on issues related to written discovery requests previously propounded.

IT IS SO ORDERED:

_____
NANCY J. KOPPE
United States Magistrate Judge

DATED: August 10, 2020