UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALBERTO DELARA,<br><br>    Plaintiff(s),<br><br>v.<br><br>DIAMOND RESORTS INTERNATIONAL MARKETING, INC.,<br><br>    Defendant(s). | Case No.: 2:19-cv-00022-APG-NJK<br><br>**Order**<br><br>[Docket No. 125] |

Pending before the Court is Plaintiff's motion to revive and extend various deadlines. Docket No. 125. Defendant filed a response in opposition. Docket No. 129. Plaintiff filed a reply. Docket No. 131. This order addresses only the aspect of that motion as it relates to the deadline to amend the pleadings.[1] That aspect of the motion is properly resolved without a hearing. *See* Local Rule 78-1.

The deadline to amend the pleadings expired on November 29, 2019. *See* Docket No. 27 at 4. Plaintiff has previously sought to modify that deadline based on the possibility that Plaintiff would seek to amend the pleadings in the future, which was denied without prejudice as speculative and unripe. *See* Docket No. 40. Plaintiff again seeks to modify that deadline based on the desire to file a motion to amend the pleadings in the future. *See* Docket No. 125 at 7 ("Plaintiff should be given an opportunity to file a motion to amend the Complaint to add additional state law claims . . ."). Although it provides a lengthy recitation of the procedural history, the pending motion does not provide robust discussion of the standards or how those standards apply in this case.[2]

---

[1] Concurrently herewith, the Court is scheduling a hearing on other aspects of this motion.

[2] The reply adds some argument, Docket No. 131 at 3-5, but courts do not generally address arguments raised for the first time in reply, *see Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996).

1

The Court will defer ruling on Plaintiff's request:

> A party is not precluded from filing a motion for leave to amend solely because the deadline set forth in the scheduling order has lapsed. When a party moves to amend the pleadings after the expiration of the deadline established in the scheduling order, courts review the motion to amend through a two-step process. First, courts treat the motion as seeking to amend the scheduling order, which is governed by the "good cause" standard outlined in Rule 16(b)(4) of the Federal Rules of Civil Procedure. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Second, if "good cause" has been established under Rule 16(b)(4), courts will then examine whether amendment is proper under the standards outlined in Rule 15(a)(2). Rather than addressing these issues piecemeal, the Court finds it better practice for a plaintiff to file a single motion addressing both standards.

*Novotny v. Outback Steakhouse of Fla., LLC*, 2017 U.S. Dist. Lexis 114672, at *2-3 (D. Nev. July 21, 2017).

The Court will follow that approach in this case so that this request can be presented in the fashion to best enable resolution. Hence, to the extent Plaintiff believes that grounds exist to modify the scheduling order to allow amendment at this stage under Rule 16 and to permit the amendment itself under Rule 15, then Plaintiff must file a motion providing fulsome argument addressing both issues.[3]

For the reasons discussed above, the Court **DENIES** without prejudice Plaintiff's motion to revive and extend the deadline to amend the pleadings.

IT IS SO ORDERED.

Dated: January 25, 2021

                                                                                                                               _____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Such motion must otherwise comply with all governing rules, including providing a copy of the proposed amended complaint. *See* Local Rule 15-1(a).