UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALBERTO DELARA, | Case No.: 2:19-cv-00022-APG-NJK |
| Plaintiff | **Order Granting in Part Motion to Dismiss** |
| v. | [ECF No. 139] |
| DIAMOND RESORTS INTERNATIONAL MARKETING, INC., | |
| Defendant | |

Plaintiff Alberto Delara sues defendant Diamond Resorts International Marketing, Inc. under the Fair Labor Standards Act (FLSA) on behalf of himself and similarly situated concierges and marketing supervisors. Diamond moves to dismiss the claims of 141 opt-in plaintiffs in this FLSA collective action because they signed valid arbitration agreements. Diamond contends it has not waived its right to arbitrate because it has consistently asserted the agreements as a defense, and it timely moved for arbitration after the opt-in period expired. Diamond also requests that I sanction the plaintiffs' counsel under 28 U.S.C. § 1927 or my inherent power because the plaintiffs refused to dismiss these opt-in plaintiffs.

The plaintiffs respond that Diamond waived it right to arbitration because it should have filed moved to compel arbitration no later than when the FLSA opt-in period in a related case[1] closed on March 3, 2020, and because it engaged in extensive litigation activity in this court. The plaintiffs also argue the present motion is deficient because Diamond seeks to dismiss the case rather than compel arbitration and stay the case as to these plaintiffs. The plaintiffs contend Diamond framed its motion in this manner to deprive the opt-in plaintiffs of their claims because

---

[1] *Gonzalez v. Diamond Resorts International Marketing, Inc.*, 2:18-cv-00979-APG-NJK.

dismissal may result in the running of the statute of limitations. If I am going to compel arbitration, they request that I stay rather than dismiss, and that I equitably toll the limitations period. They oppose sanctions because counsel has not acted in bad faith by arguing that Diamond failed to timely move to arbitrate, by refusing to dismiss instead of stay, or by insisting that Diamond condition arbitration on equitable tolling of the limitation period.

I grant the motion in part. I compel those plaintiffs who are subject to an arbitration agreement to submit their claims to arbitration. However, I stay their claims rather than dismiss them. And I deny sanctions.

## I. ANALYSIS

### A. Waiver

Section 2 of the Federal Arbitration Act (FAA) provides that an arbitration clause in a contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Consequently, a "party may challenge the validity or applicability of the arbitration provision by raising the same defenses available to a party seeking to avoid the enforcement of any contract." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1121 (9th Cir. 2008) (quotation omitted).

Waiver is one such general contract defense.[2] *Newirth by & through Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 940 (9th Cir. 2019). A party seeking to prove that another party waived its right to compel arbitration "must carry the heavy burden of demonstrating: (1) knowledge of an existing right to compel arbitration; (2) intentional acts inconsistent with

---

[2] Whether a party waived its right to compel arbitration through its litigation conduct is presumptively a "gateway issue" for the court, not the arbitrator. *Martin v. Yasuda*, 829 F.3d 1118, 1123 (9th Cir. 2016). None of the parties suggest this is an issue for the arbitrator to decide. I therefore address it.

2

that existing right; and (3) prejudice to the person opposing arbitration from such inconsistent acts." *Id.*  Diamond does not dispute that it knew of its right to compel arbitration, so I address only the other two factors.

*1. Intentional Acts Inconsistent with the Right to Compel Arbitration*

"There is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate." *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016). Instead, I evaluate "the totality of [a party's] actions." *Id.* at 1126.  A party's "extended silence and delay in moving for arbitration may indicate a conscious decision to continue to seek judicial judgment on the merits of [the] arbitrable claims, which would be inconsistent with a right to arbitrate." *Id.* at 1125 (alteration in original) (quotation omitted).  A party "acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court." *Newirth*, 931 F.3d at 941.

Diamond has not engaged in intentional acts inconsistent with its right to compel arbitration.  Diamond raised the arbitration agreements in its answer to the complaint in February 2019. ECF No. 13 at 11.  It also raised the issue in response to the plaintiffs' motions to conditionally certify the FLSA collective action, arguing that notice should not be sent to putative plaintiffs who were subject to arbitration agreements. ECF No. 32 at -9.  I rejected that argument and concluded that notice should be sent to all putative plaintiffs, but that the notices should include language advising potential plaintiffs that an arbitration agreement may affect their claims. ECF No. 64 at 11-13.

The collective action notice was sent out in June 2020, and the opt-in period for the FLSA action ended on September 9, 2020. ECF No. 98 at 3-4.  The plaintiffs filed numerous

3

consent forms throughout the opt-in period. *See, e.g.*, ECF Nos. 82 through 96; 99 through 117. Although the plaintiffs contend Diamond should have filed a motion to compel arbitration each time a plaintiff subject to an agreement filed a consent form, Diamond's decision to wait until the opt-in period closed to file one motion for all plaintiffs was not inconsistent with its intention to arbitrate. Filing a motion for each of hundreds of opt-in plaintiffs would have been cumbersome and inefficient for the parties and the court.

Before, during, and after the opt-in period, Diamond asked the plaintiffs' counsel (1) if certain plaintiffs in this action would be dismissed because they had signed arbitration agreements and (2) what the plaintiffs' general position was regarding opt-ins with arbitration agreements. *See* ECF Nos. 139-14; 139-16; 139-17; 139-18; 139-26; 139-27; 139-29; 139-30; 139-32. In response to one of those inquiries, the plaintiffs' counsel indicated that Diamond did not need to file a motion to compel arbitration because counsel was conferring with the two opt-in plaintiffs to confirm they signed the agreements, and if so, the claims would be submitted to arbitration. ECF No. 139-15. In May 2020, the parties participated in a telephone conference in which the plaintiffs indicated they would dismiss any plaintiffs who signed arbitration agreements if Diamond would, among other things, toll the limitation period on the FLSA claims. ECF No. 139-25 at 3. Diamond did not agree to this request. *Id.*

Throughout this period, Diamond also signaled its intent to compel arbitration by refusing to participate in discovery involving any plaintiff who was bound by an arbitration agreement other than providing information related to the arbitration agreements. ECF No. 139-13 at 3-5. When Diamond inadvertently sent discovery requests related to a few opt-in plaintiffs who had agreed to arbitrate, it withdrew those requests before the plaintiffs responded. ECF No. 139-13 at 3-4.

In August 2020, the parties stipulated to stay the proceedings while they pursued mediation. ECF Nos. 97, 98. In November 2020, Diamond wrote to the plaintiffs' counsel requesting he confirm that he would dismiss individuals bound by an arbitration agreement. ECF No. 139-19. The plaintiffs' counsel did not substantively respond to this request. ECF No. 139-13 at 3. On December 11, 2020, the parties informed the court that the mediation failed. ECF No. 118. The discovery deadline was thereafter extended to June 30, 2021. ECF No. 135.

On January 30, 2021, Diamond emailed the plaintiffs' counsel requesting that by February 3 the plaintiffs make clear their position on whether plaintiffs who are subject to an arbitration agreement would be dismissed, or Diamond would file a motion to dismiss. ECF No. 139-33. Diamond filed this motion to dismiss on March 1, 2021. ECF No. 139. The parties conferred on March 8, 2021, but they could not reach agreement on whether the claims should be stayed or dismissed and whether equitable tolling should apply. ECF No. 140-2 at 4-5.

In sum, throughout the history of this case, Diamond has consistently and repeatedly asserted that any plaintiff who was subject to an arbitration agreement should be dismissed from this action and the related action. Diamond has not litigated the merits of those claims in this forum and has resisted efforts to engage in discovery related to those plaintiffs other than to disclose evidence to show whether the plaintiffs are subject to an arbitration agreement. The plaintiffs have not identified any advantage Diamond has obtained by not filing the motion to dismiss sooner.

### 2. Prejudice

The plaintiffs also have not shown prejudice. "A party is not prejudiced by self-inflicted wounds incurred as a direct result of suing in federal court contrary to the provisions of an arbitration agreement." *Newirth*, 931 F.3d at 943 (quotation omitted). "When a party agrees to

arbitrate disputes, and then breaches that agreement by filing a lawsuit, [a]ny extra expense incurred as a result of the [plaintiffs'] deliberate choice of an improper forum, in contravention of their contract, cannot be charged to [the defendant]." *Id.* (alterations in original) (quotation omitted).  Rather, the plaintiffs "must show that, as a result of the defendants having delayed seeking arbitration, they have incurred costs that they would not otherwise have incurred, . . . they would be forced to relitigate an issue on the merits on which they have already prevailed in court, . . . or . . . the defendants have received an advantage from litigating in federal court that they would not have received in arbitration[.]" *Martin*, 829 F.3d at 1126 (internal citations omitted).

The plaintiffs contend they have incurred expenses litigating this case, but they have not identified any expense they would not have incurred anyway because there remain hundreds of plaintiffs in this case who are not subject to an arbitration agreement.  They have not identified any issue they would have to relitigate, nor have they identified an advantage Diamond has received from litigating in this court that it would not have received in arbitration.

### 3. *Summary*

The plaintiffs have not shown Diamond waived its right to compel arbitration.  I therefore grant the motion to compel arbitration for those plaintiffs who are subject to an arbitration agreement.

**B.  Stay versus Dismissal**

Diamond moves to dismiss the plaintiffs who are subject to an arbitration agreement.  The plaintiffs oppose dismissal and instead request that I stay those plaintiffs' claims pending arbitration.

Section 3 of the FAA, states that the court "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Despite this seemingly mandatory language to stay the case, it lies within my discretion whether to stay or dismiss where all of the claims are subject to arbitration. *See Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073-74 (9th Cir. 2014).

I stay the claims of the plaintiffs who must arbitrate. Some of the plaintiffs may have a basis to challenge the enforceability of the arbitration agreement. *See* ECF No. 140-2 at 6-7. The arbitration agreement provides that validity and enforceability are questions for the arbitrator. ECF No. 140-4 at 2. Thus, it is possible that the arbitrator may deem the agreement unenforceable as to particular plaintiffs. If so, those plaintiffs should be permitted to return to the collective action in this case.

### C. Equitable Tolling

I decline to address equitable tolling. The parties may direct their respective arguments to the arbitrator.

### D. Sanctions

I deny Diamond's request for sanctions because I find no bad faith. *See Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021); *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015). To the contrary, I have agreed with the plaintiffs that the proper course is to stay pending arbitration, not dismiss outright.

## II. CONCLUSION

I THEREFORE ORDER that defendant Diamond Resorts International Marketing, Inc.'s motion to dismiss **(ECF No. 139) is GRANTED in part**. Those plaintiffs who are subject to an arbitration agreement are compelled to submit their claims to arbitration. The case is stayed as to

only those opt-in plaintiffs, pending completion of arbitration. The motion is denied in all other respects.

DATED this 27th day of December, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE