UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALBERTO DELARA,<br><br>    Plaintiff<br><br>v.<br><br>DIAMOND RESORTS INTERNATIONAL MARKETING, INC.,<br><br>    Defendant | Case No.: 2:19-cv-00022-APG-NJK<br><br>**Order Granting in Part Motion for Summary Judgment**<br><br>[ECF No. 141] |

Plaintiff Alberto Delara sues defendant Diamond Resorts International Marketing, Inc. (Diamond) under the Fair Labor Standards Act (FLSA) on behalf of himself and similarly situated concierges and marketing supervisors. Diamond moves for summary judgment on certain claims, arguing that some are barred by claim preclusion due to prior settlements, some are barred by the plaintiffs' failure to disclose their claims in bankruptcy proceedings, and some are barred by the statute of limitations. Additionally, Diamond requests that I sanction the plaintiffs' counsel for unreasonably multiplying the proceedings by not conceding dismissal of these claims. I grant the motion in part, but I deny the request for sanctions.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

**A. Prior Class Action Settlement**

Diamond contends that certain claims are barred by claim preclusion because some of the plaintiffs participated in a settlement of a prior class action in California involving the release of overtime claims. *See Diamond Resorts Wage and Hour Cases*, Lead Case No. JCCP4923. Diamond contends that 31 opt-in plaintiffs were class members in the prior action and their FLSA claims against Diamond in this case are therefore barred.

The plaintiffs respond that the prior class action applied only to class members who performed work in California, yet Diamond is trying to apply that settlement to employees who also worked in other states. The plaintiffs also contend that the settlement covered work through July 2, 2018, but this case involves work performed after that date, so not all claims were released.

In its reply, Diamond agrees that 18 of the opt-in plaintiffs who continued employment with Diamond after the settlement release date of July 2, 2018 are not barred from pursuing FLSA claims that arose after that date. ECF No. 150 at 6. Consequently, the only issue

remaining is whether those class members who worked both in California and another state are barred from bringing their FLSA claims in this case for work performed outside of California before July 2, 2018.

The class in the *Diamond Resorts Wage and Hour Cases* included "all natural persons who, at any point from August 28, 2011 through the date the Court grants Preliminary Approval of the Settlement ('Class Period'), were employed/are employed as Non-Exempt Employees for [Diamond] in California." ECF No. 142-3 at 3. The notice to class members of the proposed settlement advised class members that if they participated in the settlement, they would release Diamond "from any and all claims, causes of action, damages, wages, . . . and any other form of relief or remedy . . . whether based on state or federal law, that are asserted in this Action or which could have been asserted in this Action related to the facts and claims asserted in this Action, including . . . all claims for unpaid wages and overtime wages . . . and . . . all other claims that were or could arise from the facts or causes of action pled in the action" for the relevant time period. ECF No. 142-4 at 6-7. The notice also advised class members that they could opt out of the settlement. *Id.* at 7. The facts alleged in the California class action included that Diamond incorrectly calculated overtime because it did not include commissions and bonuses to calculate overtime. ECF No. 142-1 at 21.

A state court judgment has "the same full faith and credit in every court within the United States . . . as [it has] by law or usage in the courts of such State." 28 U.S.C. § 1738. When determining what preclusive effect to give to a state court ruling, I apply that state's claim preclusion rules. *MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1125 (9th Cir. 2013). A California state court approved the settlement in the *Diamond Resorts Wage and Hour Cases*, so I look to California preclusion rules.

Under California law, claim preclusion "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015) (quotation omitted). Claim preclusion bars a second suit if it "involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *Id.* If claim preclusion applies, it bars relitigation of "matters which were raised or could have been raised" in the prior action. *Busick v. Workmen's Comp. Appeals Bd.*, 500 P.2d 1386, 1392 (Cal. 1972) (en banc) (quotation omitted).

The plaintiffs do not dispute that the prior California class action resulted in a final judgment on the merits between Diamond and some of the plaintiffs in this case. Thus, the issue is whether the two lawsuits involve the same cause of action.

California courts apply the "primary rights theory" to "determine whether two proceedings involve identical causes of action for purposes of claim preclusion." *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010) (quotation omitted). Under that theory, the "cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Id.* The "determinative factor is the harm suffered." *Id.* Consequently, when "two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." *Id.*

The plaintiffs do not dispute that, as a general matter, the two lawsuits involve the same primary right to obtain redress for the harm of not being paid overtime wages due to Diamond's alleged failure to properly account for commissions and bonuses.[1] Instead, they contend that the

---

[1] *Compare* ECF No. 1 at 3 (complaint in this action alleging Diamond failed to pay overtime because "[i]nstead of calculating and paying overtime based on the total weekly compensation of . . . hourly pay, commissions and bonuses earned in a given workweek," Diamond "paid overtime based on [employees'] hourly rate only"), *with* ECF No. 142-1 at 21 (prior action's complaint alleging that Diamond "failed to properly calculate all forms of compensation

4

same claim is not at issue because the class was defined in the prior action to include only those who worked for Diamond in California, and thus it did not cover work those class members performed for Diamond in other states.  The class membership defined who was covered by the settlement (assuming they did not opt out), but it did not define the scope of the release to which those class members agreed.  That release was broad and did not state that it applied only to overtime claims for work performed in California.  It contained no geographic scope, instead referring to the release of "any and all" claims, whether under state or federal law, for overtime wages.

Moreover, claim preclusion applies not only to those claims that were actually brought, but also to those that could have been brought.  The plaintiffs could have litigated their FLSA overtime claims for work performed in other states in the prior action, including by opting out of the settlement and litigating their claims individually or by objecting to the settlement to the extent it did not compensate class members for work performed for Diamond in states other than California.[2]  The Ninth Circuit found claim preclusion barred a plaintiff's FLSA claim based on a prior California class action settlement under similar circumstances. *See Rangel v. PLS Check Cashers of Cal., Inc.*, 899 F.3d 1106, 1111-12 (9th Cir. 2018).

---

resulting in inaccurate payment of regular and overtime wages" because Diamond did not "use the commission/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate . . . overtime rates").

[2] It is unclear from the parties' submissions whether the amount class members each received in the prior action accounted for work performed outside of California. *See* ECF No. 142-3 at 12-13.  The amount each class member received was based in part on how many weeks each class member worked for Diamond. *See id.*  Class members could dispute with the Settlement Administrator the number of workweeks indicated for that class member. *Id.* at 19-20.  There is no evidence before me that any of the plaintiffs in this case who were members of the prior class action sought to include workweeks that included work performed in another state and no evidence as to whether such a request, if one was made, was granted or denied.

Consequently, I grant Diamond's motion for summary judgment for those opt-in plaintiffs who are bound by the settlement in the prior state court action. However, I deny the motion as to claims by opt-in plaintiffs who worked for Diamond after the July 2, 2018 settlement release date and which are based on time worked after July 2, 2018.

### B. Individual Settlement

Diamond argues that opt-in plaintiff Kenza El Ansari settled her claim against Diamond in separate litigation. The plaintiffs do not contest that El Ansari should be dismissed. I therefore grant this portion of Diamond's motion as unopposed.

### C. Bankruptcy Filings

Diamond argues that plaintiff Alberto Delara and 10 opt-in plaintiffs lack standing to bring their claims because the claims belong to their bankruptcy estates. Diamond also contends these plaintiffs should be judicially estopped from bringing their claims because they did not disclose the claims in their bankruptcy proceedings.

 The plaintiffs respond that Delara should not be judicially estopped because he did not know he had an unpaid overtime claim while his bankruptcy proceeding was pending and, in any event, he continued to work for Diamond after his bankruptcy discharge, so he would at least have a claim for unpaid wages for the period following the discharge. They also argue that eight of the ten opt-in plaintiffs should not be judicially estopped because they did not know they had a claim to disclose before receiving the notice of this FLSA action and their bankruptcies were discharged or dismissed before they receive the notice in this case. They also assert that I should not judicially estop claims for unpaid wages that arose after bankruptcy discharge or dismissal.

The plaintiffs have constitutional standing because they allege that they suffered an injury in fact in the form of unpaid overtime wages, that the injury is fairly traceable to the defendants'

6

alleged conduct in miscalculating overtime, and that a favorable court decision could likely redress the injury. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).  In addition to constitutional standing, however, the plaintiffs must show they have prudential standing, meaning they are asserting their "own legal interests as the real party in interest." *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004); *see also Smelt v. Cnty. of Orange*, 447 F.3d 673, 682 (9th Cir. 2006) (stating that the party asserting it has standing has the burden of showing it).

      A Chapter 7 debtor lacks standing even as to scheduled claims because the trustee is the bankruptcy estate's representative and therefore is generally "the only party with standing to prosecute causes of action belonging to the estate." *In re Pena*, 974 F.3d 934, 938 (9th Cir. 2020) (quotation omitted).  Each of the identified plaintiffs filed a Chapter 7 bankruptcy. *See* ECF Nos. 141-8; 142-9 through 142-11; 146-4.  The plaintiffs thus have not shown that any of them has standing to assert claims that would belong to their respective bankruptcy estates.  I therefore grant Diamond's motion to dismiss these plaintiffs' claims for lack of standing to the extent the claims are part of their bankruptcy estates.

      But Diamond does not dispute in reply that any plaintiff whose claims arose after their bankruptcy proceedings were discharged or dismissed would have standing to assert those claims.  Consequently, I deny this portion of Diamond's motion as to those plaintiffs who have claims that arose after any bankruptcy proceeding was discharged or dismissed because those plaintiffs would have standing and would not be barred by judicial estoppel.  Other than Delara, the plaintiffs do not identify who these plaintiffs are, and I will not scour the record to determine their identities.  The parties shall confer about who falls into this category.  If they cannot agree as to all plaintiffs, they can file an appropriate motion within 45 days of this order.

### D. Statute of Limitations

Diamond argues that the claims of 15 opt-in plaintiffs are untimely even considering the tolling of the limitation period that I ordered. The plaintiffs agree that the 15 identified opt-in plaintiffs' FLSA claims are untimely. Consequently, I dismiss the FLSA claims of the identified opt-in plaintiffs.

### E. Sanctions

Diamond argues I should sanction the plaintiffs' counsel under 28 U.S.C. § 1927 or my inherent power because Diamond advised the plaintiffs' counsel of the grounds for dismissal presented in this motion and the plaintiffs refused to dismiss those claims. The plaintiffs respond that sanctions are not warranted because Diamond repeatedly refused to provide information related to the pending motion, including information about any plaintiff other than Delara, until shortly before Diamond filed the motion.

I decline to sanction the plaintiffs' counsel because I find no recklessness or bad faith. *See Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010). I have not granted Diamond's motion in its entirety, so the plaintiffs' counsel did not act in bad faith by refusing to agree to blanket dismissals of various categories of plaintiffs. Additionally, the plaintiffs' counsel has explained why he would not agree to Diamond's requests to dismiss categories of plaintiffs without further information that had not been supplied until shortly before this motion was filed. ECF No. 146-1.

/ / / /

/ / / /

/ / / /

/ / / /

## II. CONCLUSION

I THEREFORE ORDER that defendant's motion for summary judgment **(ECF No. 141) is GRANTED in part** as set forth above.

I FURTHER ORDER that within 45 days of the date of this order, the parties shall file a stipulation or a motion about which plaintiffs, if any, should be dismissed for lack of standing based on this order.

DATED this 27th day of December, 2021.

                                                                      ANDREW P. GORDON
                                                                      UNITED STATES DISTRICT JUDGE