UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALBERTO DELARA, <br><br>   Plaintiff <br><br> v. <br><br> DIAMOND RESORTS INTERNATIONAL MARKETING, INC., <br><br>   Defendant | Case No.: 2:19-cv-00022-APG-NJK <br><br> **Order Granting in Part Plaintiffs' Motion for Partial Summary Judgment and Denying as Moot Defendant's Motion for Leave to File Surreply** <br><br> [ECF Nos. 149, 157] |

Plaintiff Alberto Delara sues defendant Diamond Resorts International Marketing, Inc. under the Fair Labor Standards Act (FLSA) on behalf of himself and similarly situated concierges and marketing supervisors. The plaintiffs move for partial summary judgment on the question of whether Diamond miscalculated overtime paid to the plaintiffs from January 3, 2016 through March 31, 2018. The plaintiffs also seek a ruling that Diamond acted willfully, which would extend the FLSA limitation period and subject Diamond to liquidated damages. Diamond requests leave to file a surreply. For the reasons discussed below, I grant the plaintiffs' motion in part. I deny as moot Diamond's motion for leave to file a surreply.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

### A. Overtime Calculation

The plaintiffs contend there is no dispute that Diamond paid overtime based on one and one-half of the relevant state's minimum wage rate for hours worked in excess of 40 hours in a week. The plaintiffs argue this violated the FLSA because overtime must be based on the employee's regular rate of pay, which means all renumeration, including bonuses and commissions, not just the hourly wage.

Diamond responds that the plaintiffs' motion is premature because the plaintiffs must first show they are nonexempt employees entitled to overtime. Diamond has asserted certain overtime exemptions apply. Diamond also argues the plaintiffs have not shown that Diamond is an employer, that the plaintiffs are employees, and that the plaintiffs worked overtime hours for which they were not properly paid.

Under the FLSA, an employer must pay its employees overtime compensation of one and one-half times the regular rate of pay for any hours worked in excess of 40 in a week. 29 U.S.C. § 207(a). The "'regular rate' at which an employee is employed shall be deemed to include all

remuneration for employment paid to, or on behalf of, the employee . . . ." 29 U.S.C. § 207(e). This includes commissions and bonuses. *See* 29 C.F.R. §§ 778.109, 778.110(b), 778.117.

Diamond is an employer under the FLSA, and the plaintiffs are employees under the FLSA. *See* ECF Nos. 1 at 7; 13 at 7. From January 3, 2016 to April 2018, Diamond calculated concierges' and marketing supervisors' overtime pay at one and one-half times the minimum hourly wage for the relevant state in which the employee was working. ECF No. 149-1 at 8-9. The plaintiffs have presented evidence that at least some plaintiffs worked some overtime during the relevant time period. *See* ECF Nos. 1-1 through 1-4; 1-6; 1-7; 33-3; 149-2. Through this motion for partial summary judgment, the plaintiffs do not seek a ruling on the amount owed to each plaintiff. Thus, they need not show at this stage when each plaintiff worked uncompensated overtime or how much they are owed.

Diamond does not dispute that if the plaintiffs are nonexempt employees, then the manner in which Diamond calculated overtime violated the FLSA. Although Diamond argues that this motion is premature until it is determined that no exemptions apply, summary judgment is a device through which the issues for trial can be narrowed. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005) (noting that rulings on summary judgment motions may "trim and prune a case to focus on what really is at issue for trial"). It therefore is proper to consider whether the overtime calculation violated the law if the plaintiffs are nonexempt. And I have determined by separate order that the only exemption Diamond identifies under the FLSA for its concierges does not apply as a matter of law.

Diamond's concierges[1] are not exempt from the FLSA overtime requirement and Diamond improperly calculated overtime for these employees, so I grant in part the plaintiffs' motion. But I deny the plaintiffs' broad request for a ruling that from January 3, 2016 through March 31, 2018, Diamond miscalculated overtime for all FLSA plaintiffs as a matter of law. There remain issues for trial, including the proper limitation period under the FLSA, as discussed below.

**B. Willfulness**

The plaintiffs argue no genuine dispute remains that Diamond acted willfully because it did not investigate its obligations under the FLSA, and, had it done so, it would have properly included the bonuses and commissions in the overtime calculation. They contend that Diamond's good faith defenses fail so the plaintiffs are entitled to liquidated damages and an extended limitation period under the FLSA.

Diamond again responds that the plaintiffs' motion is premature because the plaintiffs must first establish that Diamond violated the law. Diamond also argues it acted in good faith.

    1. Good Faith Defense on Liability

Under 29 U.S.C. § 259(a), an employer can avoid liability under the FLSA for failure to pay overtime if it "pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States specified in subsection (b) of this section, or any administrative practice or enforcement policy of such agency with respect to the class of employers to which [it] belonged." The agency referred to is the Administrator of the Wage and

---

[1] Diamond has identified two other exemptions it contends apply to marketing supervisors. Although I denied by separate order Diamond's motion for summary judgment that the exemptions apply, the plaintiffs have not moved for judgment that the exemptions do not apply.

Hour Division of the Department of Labor (DOL). 29 U.S.C. § 259(b)(1).  This defense requires Diamond to "show it acted in (1) good faith, (2) conformity with, and (3) reliance on the DOL's regulations" or one of the other categories of written authority issued by the Administrator. *Frank v. McQuigg*, 950 F.2d 590, 598 (9th Cir. 1991).  The employer must show that it "actually relied upon" the DOL guidance. 29 C.F.R. § 790.16(a).  Additionally, the

> regulations, orders, ruling, approvals, interpretations, administrative practices and enforcement policies relied upon and conformed with must be those of an agency and not of an individual officer or employee of the agency.  Thus, if inspector A tells the employer that the agency interpretation is that the employer is not subject to the . . . Act, the employer is not relieved from liability, despite his reliance in good faith on such interpretations, unless it is in fact the interpretation of the agency.

29 C.F.R. § 790.19(b) (quotation omitted).

Diamond contends that it relied on a letter signed by a DOL investigator following an audit of Diamond's operations in Virginia in 2016, in which the investigator concluded that the retail exemption applied so Diamond was not violating the FLSA. *See* ECF No. 160-3. However, an investigator's letter does not qualify as a ruling, order, or approval by the Administrator.  Diamond's good faith defense to liability under § 259 therefore fails as a matter of law.  Consequently, I grant this portion of the plaintiffs' motion.

### 2.  Good Faith Defense on Liquidated Damages and Willfulness

An employer who violates the FLSA's overtime requirement may be required to pay liquidated damages in an amount equal to the unpaid overtime. 29 U.S.C. § 216(b).  A court may, in its discretion, decline to award liquidated damages or may award a reduced amount if the employer "shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation" of the FLSA. 29 U.S.C. § 260.  For this defense to apply, Diamond

must show "that it had an honest intention to ascertain and follow the dictates of the Act and that it had reasonable grounds for believing that its conduct complied with the Act." *Flores v. City of San Gabriel*, 824 F.3d 890, 904-05 (9th Cir. 2016) (simplified).  "An employer who failed to take the steps necessary to ensure its practices complied with [the] FLSA and who offers no evidence to show that it actively endeavored to ensure such compliance has not satisfied § 260's heavy burden." *Id.* at 905 (simplified).

If the "employer fails to satisfy its burden under § 260, an award of liquidated damages is mandatory." *Id.*  "Whether the employer acted in good faith and whether it had objectively reasonable grounds for its action are mixed questions of fact and law." *Id.*

The FLSA has a two-year statute of limitations, but that is extended to three years for willful violations. 29 U.S.C. § 255(a).  A violation is "willful if the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 918 (9th Cir. 2003) (simplified).

Viewing the facts in the light most favorable to Diamond on the plaintiffs' motion, genuine disputes remain regarding whether Diamond reasonably sought to ascertain its overtime obligations in relation to the 2016 DOL investigation and had reasonable grounds for believing its concierges and marketing supervisors were exempt based on that investigation's results. There is some evidence that Diamond human resources personnel were aware of the investigation and its results.  There is no evidence that the managers and sales associates at the Virginia location were somehow different from the concierges and marketing supervisors at other locations.  Consequently, Diamond could have concluded that the DOL investigator had approved their treatment of all concierges and marketing supervisors, so it did not need to take

different action in that regard.  For these same reasons, genuine disputes remain as to whether Diamond acted willfully.  I therefore deny this portion of the plaintiffs' motion.

### C. Motion for Leave to File Surreply

Diamond moves for leave to file a surreply, contending that the plaintiffs raised a new issue in their reply brief.  Because I ruled by separate order that the retail or service establishment exemption does not apply on other grounds, and because the parties fully briefed in other papers the issue that the surreply would address, this motion is moot.  I therefore deny it.

### III. CONCLUSION

I THEREFORE ORDER that the plaintiffs' motion for partial summary judgment **(ECF No. 149) is GRANTED in part** as set forth above.

I FURTHER ORDER that defendant Diamond Resorts International Marketing, Inc.'s motion for leave to file a surreply **(ECF No. 157) is DENIED as moot**.

DATED this 27th day of December, 2021.

ANDREW P. GORDON  
UNITED STATES DISTRICT JUDGE