**MICHAEL N. FEDER**
Nevada Bar No. 7332
DICKINSON WRIGHT PLLC
3883 Howard Hughes Parkway, Suite 800
Las Vegas, NV 89169
Telephone:   702-550-4440
Facsimile:    844-670-6009
Email:         mfeder@dickinson-wright.com

**MARTIN D. HOLMES** (*Pro Hac Vice*)
Tennessee Bar No. 012122
**PETER F. KLETT** (*Pro Hac Vice*)
Tennessee Bar No. 012688
**AUTUMN L. GENTRY** (*Pro Hac Vice*)
Tennessee Bar No. 020766
DICKINSON WRIGHT PLLC
Fifth Third Center, Suite 800
Nashville, TN 37219
Telephone:   615-244-6538
Facsimile:    844-670-6009
Email:         mdholmes@dickinsonwright.com
                   pklett@dickinsonwright.com
                   agentry@dickinsonwright.com

*Attorneys for Plaintiff and
Collective Class Members*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ALBERTO DELARA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND RESORTS INTERNATIONAL MARKETING, INC.,<br><br>Defendant. | Case No. 2:19-cv-00022-APG-NJK<br><br>STIPULATION AND ORDER PARTIALLY MODIFYING THE FEBRUARY 2, 2021 SCHEDULING ORDER TO EXTEND THE JOINT PROPOSED PRETRIAL ORDER DEADLINE (ECF NO. 135)<br><br>(SECOND REQUEST FOR MODIFICATION OF THE JOINT PROPOSED PRETRIAL ORDER DEADLINE) |



1

Plaintiff Alberto Delara, on behalf of himself and others similarly situated (collectively "Plaintiff"), and Defendant Diamond Resorts International Marketing, Inc. (Plaintiff and Defendant are collectively referred to as "the Parties"), by and through their respective counsel, hereby submit this Stipulation and Order Modifying the Discovery Plan and Scheduling Order in compliance with Local Rule 26-4. This is the Parties' second request to extend the joint proposed pretrial order deadline contained in the Court's February 2, 2021 Order (ECF No. 135). The Parties HEREBY STIPULATE AND AGREE as to the following:

1.  After this matter was stayed so the Parties could engage in mediation, which was unsuccessful, the Parties briefed their positions regarding proposed deadlines. Thereafter, the Court entered an Order on February 2, 2021, containing modified deadlines for expert disclosures, the completion of discovery, the filing of dispositive motions and the filing of the joint proposed pretrial order. ECF No. 135, Order. The deadline to file the joint proposed pretrial order was August 30, 2021, or 30 days after resolution of dispositive motions. *Id.* at 2.

2.  On March 1, 2021, Defendant filed a Motion to Dismiss certain Opt-in Plaintiffs, arguing that said individuals were bound by an arbitration agreement and they could not pursue their claims in this action. ECF No. 139, Def's. Motion. The matter was fully briefed by the Parties. ECF No. 140, Pl's. Resp.; and ECF No. 143, Def's. Reply.

3.  On December 27, 2021, the Court entered an Order granting, in part, Defendant's Motion to Dismiss on the arbitration issue. ECF No. 181, Order. In the Order, the Court compelled numerous Opt-in Plaintiffs to arbitration. The Court, however, denied Defendant's request to dismiss these individuals' claims; instead, retaining jurisdiction and staying their claims. *Id.*

4.  On March 19, 2021, Defendant filed a Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment of the Named Plaintiff and Certain Opt-in Plaintiffs, arguing that: 1) certain Opt-in Plaintiffs' claims were barred by virtue of a prior class action settlement; 2) certain Opt-in Plaintiffs' claims were barred due to prior individual settlements; 3) Plaintiff Delara and certain Opt-in Plaintiffs' claims were barred due to their bankruptcy filings;

and 4) certain Opt-in Plaintiffs' claims were time-barred. ECF No. 141, Def's. MSJ. Defendant's Motion was fully briefed by the Parties. ECF No. 146, Pl's. Resp.; and ECF No. 150, Def's. Reply.

5. On December 27, 2021, the Court entered an Order granting, in part, Defendant's Motion for Summary Judgment or in the Alternative, Partial Summary Judgment. ECF No. 182, Order. As it relates to the portion of Defendant's Motion to Dismiss certain Opt-in Plaintiffs due to bankruptcy filings, the Court ordered that the Parties should determine which Opt-in Plaintiffs were dismissed for lack of standing and within 45 days of the December 27, 2021 Order, file either a stipulation to dismiss them or a notice with their identities so that the Court could enter an order of dismissal as to them. The Court further ordered that should the Parties disagree as to the dismissal of any Opt-in Plaintiff, they could file an appropriate motion. *Id.* at 7.

6. On April 26, 2021, Plaintiff filed a Motion for Partial Summary Judgment, arguing that there were no genuine issue of material facts and that as a matter of law Defendant had improperly calculated overtime in violation of the FLSA. Further, Plaintiff argued that as a matter of law, Plaintiff and Opt-in Plaintiffs were entitled to an equal amount in liquidated damages under the FLSA because Defendant did not act in good faith, and further, they were entitled to a three-year recovery period under the FLSA because Defendant acted willfully. ECF No. 149, Pl's.' Partial MSJ. Plaintiff's Motion was fully briefed by the Parties. ECF No. 151, Def's. Resp.; ECF No. 156, Pl's. Reply.

7. On July 30, 2021, Plaintiff filed a Motion for Partial Summary Judgment, arguing that there were no genuine issue of material facts and that as a matter of law Defendant could not prevail on its Affirmative Defense that Plaintiff and Opt-in Plaintiffs were exempt from the overtime requirements contained in the FLSA by virtue of 29 U.S.C. § 207(i). ECF No. 163, Pl's. Partial MSJ. Plaintiff's Motion was fully briefed by the Parties. ECF No. 174, Def's. Resp.; ECF No. 178, Pl's. Reply.

8. On July 30, 2021, Defendant filed a Motion for Summary Judgement or, in the Alternative, Partial Summary Judgment, arguing that there were no genuine issue of material facts and that as a matter of law: 1) Defendant was a retail establishment exempt from the overtime



requirements contained in the FLSA by virtue of 29 U.S.C. § 207 (i); and 2) that even if Defendant was not a retail establishment, Defendant acted in good faith such that any damages were inappropriate under 29 U.S.C. § 207(i), and likewise, liquidated damages were inappropriate under 29 U.S.C. § 260. ECF No. 160, Def's. MSJ. Defendant's Motion was fully briefed by the Parties. ECF No. 175, Pl's. Resp.; ECF No. 177, Def's. Reply.

9. On December 27, 2021, the Court entered an Order granting, in part, Plaintiff's Motion for Summary Judgment on the miscalculation of overtime issue. ECF No. 183. In its Order, while the Court held that Defendant improperly calculated overtime for its concierges, the Court held that genuine issues of material fact existed on the issues of whether Defendant acted in good faith to avoid liquidated damages under the FLSA. The Court also held that genuine issues of material fact existed on the issue of whether Defendant acted willfully under the FLSA. *Id.* at 5-7.

10. On January 10, 2022, Plaintiff filed a Motion to Reconsider the Court's Order (ECF No. 183), denying Plaintiff's Motion for Summary Judgment on the issues of good faith (liquidated damages) and willfulness under the FLSA. ECF No. 185. Plaintiff's Motion was fully briefed by the Parties. ECF No. 186, Def's Resp.; ECF No. 190, Pl's Reply.

11. By Order entered February 2, 2022, the Court denied Plaintiff's Motion for Reconsideration. ECF No. 191.

12. On February 10, 2022, the Parties filed a stipulation with the Court as to those Opt-in Plaintiffs whose claims were dismissed, or in the alternative, file their respective motions in the event of a dispute. ECF No. 192. On February 11, 2022, the Court granted the Parties' Stipulation of Dismissal. ECF No. 193.

13. Based on the Court's Order granting, in part, Defendant's Motion to Dismiss on the arbitration issue, which includes numerous Opt-in Plaintiffs, the parties have been conferring as to how the case should proceed given that the Court did not dismiss these individuals from this action, but instead, stayed their claims and retained jurisdiction.



14.     On January 25, 2022, the Parties filed a Stipulation and Order Partially Modifying Scheduling Order requesting to continue the joint proposed pretrial order deadline to allow: (1) the Court to rule on Plaintiff's Motion for Reconsideration; (2) the Parties to continue efforts to determine which Opt-in Plaintiffs and Hawaii Class Members' claims were barred based on their bankruptcy filings; and (3) the Parties to continue conferring as to how the case should proceed given that the Court did not dismiss individuals who were compelled to arbitration from this action, but instead, stayed their claims and retained jurisdiction.  ECF No. 187, Stipulation.

15.     On January 26, 2022, the Court granted in part and denied in part the Parties' Stipulation and Order Partially Modifying Scheduling Order.  The Court extended the deadline for filing the proposed pretrial order to March 28, 2022.  ECF No. 188, Order.

16.     During the Parties' discussions conferring regarding how the case should proceed given that the Court did not dismiss the individuals compelled to arbitration from this action, but instead, stayed their claims and retained jurisdiction to allow them to return to this case should they successfully challenge the enforceability of the arbitration agreement in arbitration, Defendant's counsel inquired regarding whether Plaintiff's counsel would agree to stay this case until any challenges to the arbitration agreement conclude in arbitration.  The Parties were unable to reach an agreement on this issue.

17.     On March 12, 2022, Defendant filed an Emergency Motion to Stay All Proceedings in which Defendant requested that the Court grant its emergency Motion to Stay All Proceedings until the arbitrators determine the arbitration agreement's enforceability as to the potential arbitration claimants.  Defendant's Motion seeks a stay from the Court to clarify the scope of the pretrial order and trial based upon the possibility that potential arbitration claimants could return to federal court to try their portions of this collective and class action *after* the Parties have filed their proposed pretrial order and even after the Parties have tried the case.  ECF No. 195, Def's. Motion.  The Court ordered Plaintiff to file a response by March 18, 2022, and Defendant to file a reply by March 22, 2022.  ECF No. 196, Order.  Defendant's Emergency Motion has been fully

briefed by the Parties.  ECF No. 197, Pl's. Resp.; ECF No. 198, Def's. Reply.  Defendant contends that a ruling on their Emergency Motion is necessary before preparing for trial.

18.     In and since January 2022, the Parties have been discussing scheduling another private mediation to explore potential resolution of this matter.  The mediator who conducted the mediation in December 2020 has no availability until Fall 2022 and indicated he does not anticipate any openings due to his need to reschedule mediations onto dates that were previously left open for emergencies.  The Parties have been discussing other potential mediators and although such mediators' calendars are also booked for several months ahead, the Parties requested to be placed on waiting lists for any mediation cancellations.  On March 14, 2022, the Parties were able to schedule mediation to take place with David Rotman, an experienced class action mediator, on April 6, 2022.

19.     On March 18, 2022, the Parties agreed that their resources would be better spent preparing for mediation than continuing to prepare to file the proposed pretrial order on March 28, 2022.

20.     Based on the foregoing, the Parties submit that good cause exists to extend the joint proposed pretrial order deadline for a period of 30 days after the Parties' mediation scheduled for April 6, 2022, which is May 6, 2022.

IT IS SO STIPULATED this 23rd day of March, 2022.



| | |
|---|---|
| DICKINSON WRIGHT PLLC | LEWIS ROCA ROTHGERBER CHRISTIE LLP |
| /s/ Martin D. Holmes | /s/ Kirstin E. Muller |
| MICHAEL N. FEDER<br>Nevada Bar No. 7332<br>3883 Howard Hughes Parkway<br>Suite 800<br>Las Vegas, NV 89169 | HOWARD E. COLE<br>Nevada Bar No. 4950<br>JENNIFER K. HOSTETLER<br>Nevada Bar No. 11994<br>3993 Howard Hughes Pkwy, Suite 600<br>Las Vegas, NV 89169-5996 |
| MARTIN D. HOLMES<br>(*Admitted Pro Hac Vice*)<br>Tennessee Bar No. 012122<br>PETER F. KLETT<br>(*Admitted Pro Hac Vice*)<br>Tennessee Bar No. 012688<br>AUTUMN L. GENTRY<br>(*Admitted Pro Hac Vice*)<br>Tennessee Bar No. 020766<br>Fifth Third Center, Suite 800<br>424 Church Street<br>Nashville, TN 37219 | KIRSTIN E. MULLER<br>(*Admitted Pro Hac Vice*)<br>California Bar No. 186373<br>ALISON M. HAMER<br>(*Admitted Pro Hac Vice*)<br>California Bar No. 258281<br>BENJAMIN J. TREGER<br>(*Admitted Pro Hac Vice*)<br>California Bar No. 285283<br>FERRY EDEN LOPEZ<br>(*Admitted Pro Hac Vice*)<br>California Bar No. 274080<br>Hirschfeld Kramer LLP<br>233 Wilshire Boulevard, Suite 600<br>Santa Monica, California 90401 |
| *Attorneys for Plaintiff and Collective Class Members* | *Attorneys for Defendant* |

Based on the Parties' stipulations, and for good cause shown, it is hereby ORDERED that the joint proposed pretrial order shall be filed within 30 days after the Parties' April 6, 2022 mediation, or on or before May 6, 2022).

IT IS SO ORDERED:

_____
NANCY J. KOPPE
United States Magistrate Judge

DATED: March 24, 2022

